UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRANK J. LECRONE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-CV-2298 |
| STATE OF ILLINOIS PRISONER REVIEW BOARD, | ) |
| Defendant. | ) |

## ORDER

Pro se Plaintiff, Frank J. Lecrone, filed a Complaint (#1) on October 20, 2020, against Defendant, State of Illinois Prisoner Review Board, claiming that Defendant violated his rights under "the Commerce law of the United States of America, and the equal rights laws." Specifically, Plaintiff alleges that, after being convicted of a non-violent offense (felony theft over $150), he applied to Defendant for a pardon, and a pardon was granted by (now former) Illinois Governor Jim Edgar on December 23, 1998. "[A]ll rights of citizenship" which may have been forfeited by the felony conviction were restored by the pardon. However, Plaintiff, who now lives in Indiana, was recently denied the ability to purchase a gun.[1]

Plaintiff was told that the pardon did not apply to his gun rights, and that he would have to apply to Defendant to have his gun rights restored. He applied to Defendant, and was told he needed an Illinois Firearm Owner's Identification ("FOID") card. However, the State of Illinois would not issue a FOID card to an out of state

---

[1] Some of the factual basis for Plaintiff's allegations comes from Plaintiff's Response (#14) to the dismissal motion.

resident.  Thus, Plaintiff cannot purchase a gun in Indiana because Defendant will not restore his gun rights unless he obtains a FOID card, but he cannot obtain a FOID card because he lives in Indiana, not Illinois, which Plaintiff claims is discriminatory.  Plaintiff requests the court restore his gun rights or, at the least, issue him a FOID card.

Defendant filed its Motion to Dismiss (#10) on February 16, 2021.  Plaintiff filed his Response (#14) on March 1, 2021.

Defendants first argue that Plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution.  The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend XI.

"Although the Amendment's terms do not bar suits against a [s]tate by its own citizens, the Supreme Court 'has consistently held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002), quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  "The bar against federal court suits extends to state agencies and state officials as well states."  *Rittenhouse v. Board of Trustees of Southern Illinois University*, 628 F.Supp.2d 887, 892 (S.D. Ill. 2008).

However, "[t]he Seventh Circuit has noted the following exceptions to this constitutional bar: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment; (2)

2

individuals may sue a state directly if Congress has abrogated the state's immunity from suit; and (3) individuals may avail themselves of suits against a state that has properly waived its sovereign immunity and consented to suit in federal court." *Rittenhouse*, 628 F.Supp.2d at 892, citing *MCI Telecommunications Corp. v. Illinois Commerce Commission*, 183 F.3d 558, 563 (7th Cir. 1997). Only the first exception is at issue here. In that exception, based on the U.S. Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908), private parties may sue individual state officials for prospective relief to enjoin ongoing violations of federal law. *Council 31 of the American Federation of State, County and Municipal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). Thus, under *Ex parte Young*, state officials may be sued in their official capacities for injunctive relief, although they may not be sued for money damages. *Ameritech Corp.*, 297 F.3d 586. To determine whether the exception applies, the court must conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Council 31*, 680 F.3d at 882.

Here, Plaintiff has alleged a violation of his constitutional rights (citing the Commerce and Equal Protection clauses of the U.S. Constitution[2]) and requests injunctive relief in the form of the issuance of a FOID card. The court, construing Plaintiff's pro se Complaint liberally, finds that is enough to satisfy *Young*'s exception so that his claim, in that regard, is not barred by the Eleventh Amendment. See *Mutter v. Madigan*, 17 F.Supp.3d 752, 758 (N.D. Ill. 2014) ("Because Mutter has alleged that his constitutional rights were violated and requested injunctive relief, Mutter's claims against Rodriguez and Kennedy are not barred by the Eleventh Amendment.").

However, even construing Plaintiff's Complaint to be alleging a continuing constitutional violation for which he seeks prospective injunctive relief, the Eleventh Amendment bar would bar the Complaint due to Plaintiff's choice of defendant. Plaintiff has sued the Illinois "Prisoner Review Board." As discussed above, the Eleventh Amendment usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities, but it does not bar suits against state officials if they are sued in their official capacities for prospective equitable relief to remedy ongoing violations of federal law. *Mutter v. Rodriguez*, 700 Fed.Appx.

---

[2]The court will not, at this stage, decide Plaintiff's Complaint on whether he has pled the proper legal theory for his claim. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (complaint need not identify a legal theory, and specifying an incorrect theory is not fatal). In any event, pro se plaintiffs are entitled to leniency in the court's construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers).

528, 530 (7th Cir. Aug. 21, 2017). Plaintiff's issue is that the Prisoner Review Board is not a state "official" and thus is not a "suable person" under the doctrine of *Ex parte Young*. See *Mutter*, 700 Fed.Appx. at 530; *Peirick v. Indiana University-Purdue University Indianapolis Athletics Department*, 510 F.3d 681, 696 n.6 (7th Cir. 2007) (denying the plaintiff the right to proceed against a state university board of trustees, but noting that "[a] different result may have obtained had [the plaintiff] sued individual members of the [b]oard in their official capacities."); see also *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487, 496 (10th Cir. 1998) ("[A]lthough the *Ex [p]arte Young* exception does not permit plaintiff to subject [University of New Mexico School of Medicine], [and] its Regents ... to suit because they are state agencies, plaintiff may maintain an action against the individual defendants in their official capacities....").

The Prisoner Review Board is an agency of the State of Illinois, and, thus, as an arm of the state, is immune from suit under the Eleventh Amendment. *Beasley v. Stephens*, 2011 WL 2670189, at *3 (S.D. Ill. July 7, 2011) ("Plaintiff's claim against the Administrative Review Board (and the 'parole board' over which the Administrative Review Board allegedly presided), and the Prisoner Review Board, as entities, fails—as arms of the state, they are immune from suit under the Eleventh Amendment."); see also *Hachmeister v. Jeffreys*, 2021 WL 916058, at *3 (N.D. Ill. Mar. 10, 2021). Instead, to satisfy the exception to *Ex parte Young*, Plaintiff must file suit against an individual member of the state agency in their official capacity. See *Peirick*, 510 F.3d at 696 n.6.

This, however, leads into Defendant's next argument: Plaintiff has sued the wrong entity. The Prisoner Review Board is not the state body charged with the issuance, or denial, of FOID cards. Rather, FOID cards in Illinois are issued by the Illinois State Police ("ISP"). *Mishaga v. Monken*, 753 F.Supp.2d 750, 751 (C.D. Ill. 2010); *Mishaga v. Schmitz*, 136 F.Supp.2d 981, 984 (C.D. Ill. 2015) ("The Illinois State Police accepts and processes applications for FOID cards, performs background checks on applicants, and issues FOID cards to individuals who are not disqualified by state or federal statutes from possessing firearms."); *Coram v. State*, 996 N.E.2d 1057, 1075 (Ill. 2013).

Defendant argues that there is no actual case or controversy between itself and Plaintiff because it lacks the authority under Illinois law to issue, renew, and deny FOID card applications, or to enforce any provision of the FOID card law. Further, Defendant argues that Plaintiff has made no factual allegation that Defendant has denied Plaintiff a FOID card or failed to issue a FOID card to Plaintiff.

When a plaintiff is suing a defendant for a constitutional violation, "the proper defendant is the person whose actions cause injury[.]" *Travis v. Reno*, 163 F.3d 1000, 1007 (7th Cir. 1998).

In his Response (#14) to the Motion to Dismiss, Plaintiff provides more details on his claim. Plaintiff states that he was told by a federal agent that he needed to contact the State of Illinois "and get [his] name removed from their records" because Plaintiff's name was still showing up on a National Crime Information Center list of felons who

were prohibited from owning or possessing a firearm.  He states that he then had some sort of hearing before the Prisoner Review Board, represented by counsel, and that the Board later wrote him a letter denying his request.  Plaintiff then states that he wants this court to "restore my good name by requiring the State to remove my name from any list or directory that would prohibit me from exercising my second amendment rights."  Plaintiff goes on to say that because he lives in Indiana, he cannot get a FOID card as a non-resident of Illinois, which "is a backdoor way of violating the commerce clause, and denying me my rights."

  Although Plaintiff alleges the above facts in his Response, and not his Complaint, the Seventh Circuit has held that, when liberally construing a pro se complaint, "facts alleged by a plaintiff in a brief in opposition to a motion to dismiss 'may be considered when evaluating the sufficiency of a complaint so long as they are consistent [with] the allegations in the complaint.'" *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015), quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).  While the facts relate to Plaintiff's quest to obtain the right to purchase a gun, they contradict the relief requested in the Complaint.  Does Plaintiff seek to compel the State of Illinois to issue him a FOID card, or for the Illinois Prisoner Review Board to remove his name from some felon list?  It is not clear just what relief Plaintiff is seeking from his filings.

  Even were the court to consider these further facts, however, Plaintiff has failed to state a case or controversy.  Plaintiff's requested relief, in his Complaint, is for the court to either issue him a FOID card or order the State of Illinois to issue him a FOID

card. The entity responsible for such action is the ISP, not the Prisoner Review Board. Plaintiff does not at any point allege that he ever applied for a FOID card with the ISP. If his claim pertains to the Prisoner Review Board, Plaintiff has not stated if he pursued that claim any further, and what connection the Prisoner Review Board has with the issuance of a FOID card.

Thus, for the above reasons, Defendant's Motion to Dismiss (#10) is GRANTED.

Generally, an involuntary dismissal operates as an adjudication on the merits if not otherwise indicated, but given Plaintiff's pro se status and the fact that he may be able to cure the deficiencies in his claim, the dismissal should be without prejudice with leave to amend. See *Arnett v. Webster*, 658 F.3d 742, 756 (7th Cir. 2011); see also *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007) (failure to provide notice under Federal Rule of Civil Procedure 8 "should not normally warrant dismissal with prejudice "); *Donald v. Cook County Sheriff's Department,* 95 F.3d 548, 555 (7th Cir. 1996) ("[D]istrict courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim."). Therefore, Plaintiff's Complaint is dismissed without prejudice, and Plaintiff will have 21 days from the date of this order to file an amended complaint. Failure to file an amended complaint in those 21 days will result in dismissal of Plaintiff's case with prejudice.

The court advises Plaintiff, if he chooses to file an amended complaint, to include all the factual allegations pertinent to his claim, as clearly and succinctly as possible. Plaintiff is also advised to clearly state exactly what relief he is seeking, and to ensure that he is seeking relief from the appropriate party.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion to Dismiss (#10) is GRANTED. Plaintiff's Complaint (#1) is dismissed without prejudice. Plaintiff has 21 days from the date of this Order to file an amended complaint that addresses the issues identified by the court. Failure to file an amended complaint within 21 days will result in the dismissal of this case with prejudice.

(2) This case is referred to the magistrate judge for further proceedings consistent with this Order.

ENTERED this _____ day of _____, 2021.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE
