UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| FRANK J. LECRONE,  )   )   Plaintiff,  )   )   v.  )   )   STATE OF ILLINOIS PRISONER  )   REVIEW BOARD,  )   )   Defendant.  ) | Case No. 20-CV-2298 |

ORDER

Pro se Plaintiff, Frank J. Lecrone, filed a Complaint (#1) on October 20, 2020, against Defendant, State of Illinois Prisoner Review Board, claiming that Defendant violated his rights under "the Commerce law of the United States of America, and the equal rights laws." Specifically, Plaintiff alleged that, after being convicted of a non-violent offense (felony theft over $150), he applied to Defendant for a pardon, and a pardon was granted by (now former) Illinois Governor Jim Edgar on December 23, 1998. "[A]ll rights of citizenship" which may have been forfeited by the felony conviction were restored by the pardon. However, Plaintiff, who now lives in Indiana, was recently denied the ability to purchase a gun.[1]

Plaintiff was told that the pardon did not apply to his gun rights, and that he would have to apply to Defendant to have his gun rights restored. He applied to Defendant, and was told he needed an Illinois Firearm Owner's Identification ("FOID") card. However, the State of Illinois would not issue a FOID card to an out of state

---

[1]Some of the factual basis for Plaintiff's allegations comes from Plaintiff's Response (#14) to the dismissal motion.

resident.  Thus, Plaintiff cannot purchase a gun in Indiana because Defendant will not restore his gun rights unless he obtains a FOID card, but he cannot obtain a FOID card because he lives in Indiana, not Illinois, which Plaintiff claims is discriminatory.  Plaintiff requests the court restore his gun rights or, at the least, issue him a FOID card.

Defendant filed a Motion to Dismiss (#10), which this court granted, without prejudice, in an Order (#15) on May 14, 2021.  The court, liberally construing Plaintiff's pro se Complaint, found that Plaintiff's suit was not barred by the Eleventh Amendment because he was seeking injunctive relief from the State: the issuance of a FOID card.  However, the court went on to find:

> While the facts relate to Plaintiff's quest to obtain the right to purchase a gun, they contradict the relief requested in the Complaint.  Does Plaintiff seek to compel the State of Illinois to issue him a FOID card, or for the Illinois Prisoner Review Board to remove his name from some felon list?  It is not clear just what relief Plaintiff is seeking from his filings.
>
> Even were the court to consider these further facts, however, Plaintiff has failed to state a case or controversy.  Plaintiff's requested relief, in his Complaint, is for the court to either issue him a FOID card or order the State of Illinois to issue him a FOID card.  The entity responsible for such action is the ISP, not the Prisoner Review Board.  Plaintiff does not at any point allege that he ever applied for a FOID card with the ISP.  If his claim pertains to the Prisoner Review Board, Plaintiff has not stated if he pursued that claim any further, and what connection the Prisoner Review Board has with the issuance of a FOID card.

Order (#15), at pp. 7-8.

The court then gave Plaintiff 21 days to file an amended complaint.  The court warned Plaintiff that failure to file an amended complaint within that time frame would result in the dismissal of his case with prejudice.  The court also advised Plaintiff that, if he chose to file an amended complaint, he would need "to include all the factual

allegations pertinent to his claim, as clearly and succinctly as possible.  Plaintiff is also advised to clearly state exactly what relief he is seeking, and to ensure that he is seeking relief from the appropriate party." Order (#15), at p. 9.

Plaintiff filed his Amended Complaint (#16) on June 1, 2021.  Now, Plaintiff simply names the "State of Illinois" as sole Defendant, and requests the court order the State of Illinois to remove his name from the National Crime Information Center List to restore his gun rights.  Plaintiff's Amended Complaint does not cure the deficiencies identified by the court in its prior Order (#15); indeed, it does not even address them.  Plaintiff has now simply requested the court order the State of Illinois to exercise authority it does not appear to have, with respect to the National Crime Information Center List.  Plaintiff has not identified the appropriate defendant for suit, whether it be the Director of the Illinois State Police or Prisoner Review Board.  For those reasons, Defendant's renewed Motion to Dismiss (#20) is GRANTED.

Plaintiff's Amended Complaint (#16) is dismissed without prejudice, and Plaintiff will have 21 days from the date of this order to file an amended complaint.  Failure to file an amended complaint in those 21 days will result in dismissal of Plaintiff's case with prejudice.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion to Dismiss (#20) is GRANTED.  Plaintiff's Amended Complaint (#16) is dismissed without prejudice.  Plaintiff has 21 days from the date of this Order to file an amended complaint that addresses

   the issues identified by the court. Failure to file an amended complaint within 21 days will result in the dismissal of this case with prejudice.

(2) This case is referred to the magistrate judge for further proceedings consistent with this Order.

ENTERED this __16th__ day of _____August_____, 2021.

        s/ COLIN S. BRUCE
        U.S. DISTRICT JUDGE